NO. 5:18-CV-354-FL

| | | |
|---|---|---|
| PATRICIA ANN ARCHIE-JACKSON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY DOBBINS, Mayor, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss (DE 7). Plaintiff responded in opposition. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action, pro se, on July 18, 2018, asserting violations of her civil rights under the United States Constitution and the Civil Rights Act of 1964, arising out of a 1978 flag and motto contest for the Town of Spring Lake, North Carolina (the "Town"). Plaintiff seeks injunctive relief to have the Town give her "full credit" for her work on the flag and motto, and she seeks $300,000.00 in damages "for 40 years of Racial Discrimination, Travel Expenses, [and] Day's off of work." (Compl. ¶ 3).

Plaintiff attaches multiple supporting documents to the complaint, including the follwing:

1)     An August 5, 2016, letter from United States Senator Thom Tillis to plaintiff.

2)     A June 20, 1986, letter from the Town to Golan/Harris Communications.

3)      Email correspondence concluding with a June 11, 2018, message from North Carolina State Senator Ben Clark to defendant.

4)      Email correspondence from 2007 and 2010 regarding the Town flag and motto.

5)      A February 11, 2003, letter from the Town to plaintiff.

6)      A January 12, 2007, letter from the North Carolina Association for the Advancement of Colored People to plaintiff.

7)      Additional documentation, including a copy of a Town website regarding the Town flag and motto, photographs of the Town flag and motto and plaintiff, newspaper articles regarding the Town flag and motto.

Defendant filed the instant motion to dismiss on August 13, 2018, asserting that plaintiff's action must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant argues that plaintiff's claims for racial discrimination based upon the 1978 flag and motto context are barred by statute of limitations. Defendant also contends that any additional suggested claims in the complaint fail as a matter of law and for lack of federal subject matter jurisdiction.

Plaintiff responded in opposition on September 11, 2018. Plaintiff attaches additional materials, including excerpts of emails dated 2010, printouts of Town website, and photographs pertaining to an individual, Samuel Byrd.

### STATEMENT OF THE FACTS

The facts alleged in plaintiff's complaint may be summarized as follows. In 1978, plaintiff entered a Town flag and motto contest, through her school, Spring Lake Junior High School. She was informed by letter that she won the contest. A week later, the mayor, chamber of commerce, and board of aldermen and alderwomen, came to the school to meet with plaintiff as the winner of

the contest and to invite plaintiff and her parents to an award luncheon. However, "[a]fter the Town Council as well as the Board of Aldermen and Women found out that [plaintiff] was African American they added two more students[,] one white and on[e] Japanese to [plaintiff's] award luncheon as well as adding them to [plaintiff's] flag design." (Compl. pp. 2-3).[1] Plaintiff never got "full credit for [her] work," and she has "been fighting this for 40 years." (Id. p. 3).

For 40 years, the Town's mayors, including defendant, and Town Council "would never vote on the change even with a letter written by Mayor Hobson the Mayor at the time in 1978 saying that [plaintiff] did this work." (Id. p. 4). The Town Council to this day refuses to "fix the wrong" "even with proof in black and white." (Id. p. 4). According to plaintiff, defendant told plaintiff that "in order for him to fix this [plaintiff] would have to sue the Town." (Id.).

Documentation attached to the complaint, listed above, includes further background regarding the 1978 Town flag and motto contest, as well as correspondence expressing views on whether plaintiff should be recognized as the sole designer of the 1978 Town flag and motto. For example, North Carolina State Senator Ben Clark states in a June 11, 2016, email: "After a review of all the available information provided, it is my belief that the preponderance of evidence suggests that Ms. Archie is the sole designer of the Spring Lake Town Flag as well as the Town Motto and should be recognized as such. I encourage the town to formally recognize Ms. Archie's contribution in the design of the Spring Lake flag and motto through the passage of a town resolution." (Compl. Supporting Documents (DE 1-1) at p. 4).

---

[1] Unless otherwise specified, page numbers in citations to the complaint ("Compl.") and other documents in the record specify the page number as shown on filed document in the court's Electronic Case Filing ("ECF") system rather than the page number, if any, showing on the face of the underlying document.

**COURT'S DISCUSSION**

A.      Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.   In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In addition, "dismissal . . . is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where, as here, a defendant asserts lack of subject matter jurisdiction on the face of the complaint, the court accepts the facts of the complaint as true in the same manner as under Rule 12(b)(6). Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

B.      Analysis

1.      Statute of Limitations

"A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading, rendering dismissal appropriate." Brooks, 85 F.3d at181. In this case, the statute of limitations on plaintiff's asserted claim of racial discrimination, for failing to be recognized properly in the 1978 Town flag and motto contest, accrued and ran long ago. Although plaintiff does not provide a specific statutory citation in the complaint, her claim for violation of civil rights under the United States Constitution and Civil Rights Act of 1964 is construed as a claim arising under 42 U.S.C. § 1983.

"[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action," which is "a personal-injury suit." Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 388 (4th Cir. 2014). Where North Carolina law affords plaintiffs three years to file a personal-injury action, a three year statute of limitations applies to plaintiff's claims. Brooks, 85 F.3d at 181.

"Although state law determines the applicable statute of limitations for § 1983 claims, federal law governs the date on which that limitations period begins to run." Owens, 767 F.3d at 388. Generally, "a plaintiff's cause of action accrues, and the limitations period commences, when the plaintiff knows or has reason to know of his injury," with exceptions not applicable here where an analogous common-law tort provides a different accrual rule. Id. at 389.

Here, based on the allegations on the face of the complaint, plaintiff knew or had reason to know of her injury, failing to be recognized properly in the 1978 Town flag and motto contest, in 1978, at the time the asserted injury took place. Even allowing for potential tolling until plaintiff

attained the age of majority, plaintiff's claim accrued and ran sometime in the 1980s or 1990s. Therefore, plaintiff's claim of racial discrimination in violation of her civil rights must be dismissed as a matter of law due to statute of limitations. Plaintiff's suggestion of additional potential claims will be addressed in the next section of this order.

2.      Failure to State a Claim

Apart from a claim arising out of the 1978 Town flag and motto contest, plaintiff suggests that she wishes to assert a claim arising out of the failure by defendant currently to respond appropriately to her requests to giver her credit for the 1978 Town flag and motto. To the extent plaintiff seeks to advance such a claim, it fails as a matter of law on the basis of the alleged facts.

To establish a constitutional claim for race discrimination under 42 U.S.C. § 1983, a plaintiff must allege, inter alia, facts permitting an inference of discriminatory intent. "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977). A "plaintiff must plead and prove that the defendant acted with discriminatory purpose." Iqbal, 556 U.S. at 676 (emphasis added). Conclusory assertions of racial motivation are insufficient. See id. Here, plaintiff has not alleged any facts permitting an inference that defendant, as current mayor of the Town, has acted with discriminatory intent or purpose. For example, plaintiff has not alleged facts showing that defendant treated plaintiff's requests for Town action differently from any other requests for Town action due to her race.

Plaintiff suggests that defendant has been generally non-responsive in putting the subject of the origins of the 1978 Town motto and flag to a vote or for a Town resolution. For example, plaintiff includes with her complaint the request on her behalf from State Senator Clark in which he

6

"encourage[s] the town to formally recognize [plaintiff's] contribution . . . through the passage of a town resolution." (Compl. Supporting Docs. (DE 1-1) at 4). To the extent plaintiff wishes to assert a procedural claim of some unspecified nature against defendant or the Town, it is unclear upon what legal basis plaintiff can advance her claim. In any event, a claim on such basis is a matter of state and municipal law not raising a question of federal law over which this court can exercise jurisdiction. Thus, to the extent plaintiff seeks relief for such procedural claim, it is dismissed for lack of subject matter jurisdiction.

In sum, plaintiff's claims based upon conduct by defendant as the current mayor of the Town, fail to state a claim upon which relief can be granted and fail to state a claim over which this court has jurisdiction. Accordingly, such claims are dismissed without prejudice.

3.      Leave to Amend

Because plaintiff's claims are dismissed without prejudice, plaintiff is allowed a 21 day period of time to seek leave to file an amended complaint. See Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 623 (4th Cir. 2015). In the event plaintiff fails to move for leave to amend complaint within 21 days of the date of this order, the clerk is DIRECTED to close this case without further order of this court.

**CONCLUSION**

Based on the foregoing, defendant's motion to dismiss (DE 7) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Plaintiff is allowed a 21 day period of time, from the date of this order, to seek leave to file an amended complaint. In the event plaintiff fails to move for leave to amend complaint within 21 days of the date of this order, the clerk is DIRECTED

to close this case without further order of this court.

SO ORDERED, this the 2nd day of January, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge